FILED
2011 Mar-09  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RHONDA J. HARRIS,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 10-J-1901-NE |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed an application for Disability Insurance Benefits, asserting she was unable to work due to mononucleosis and depression (R. 95). At her hearing, she further alleged that she suffers from back pain and muscle spasms in her back (R. 44-47). She testified that she cleans, does laundry and cuts the grass with a riding mower, but does not like leaving her house (R. 41). When she lifts her vacuum cleaner, it makes her back hurt worse (R. 47). She also testified that she has pain from standing, but can stand for about an hour, and that she has no problems with sitting (R. 48, 56). She has no trouble lifting and carrying groceries (R. 56). The plaintiff also explained that she had hallucinations, but now realizes they were not reality (R. 50). When asked if she believed she would ever get better, the plaintiff responded that she did not (R. 53).

Her applications for benefits were denied initially (R. 63-68) and again by an Administrative Law Judge (ALJ) on September 23, 2008 (R. 18-26). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because (1) the plaintiff's date last insured was improperly calculated to be December 2006 instead of December 2011; (2) the ALJ erred in rejecting the treating physician's opinion; and (3) the ALJ's mental residual functional capacity findings were not based on substantial evidence.

As to the records reflecting an improper date last insured, the court finds that the ALJ's opinion reflects the proper date (R. 20). Although the plaintiff claims some theoretical injury from this miscalculation, the court can find none. The plaintiff alleged at the hearing that she became unable to work as of September 14, 2006. Social Security Ruling 83-20 defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations." *Miller v. Commissioner of Social Sec. Admin*., 280 Fed.Appx. 870, 871 (11th Cir.2008)(quoting SSR 83-20). The plaintiff must prove disability on or before the last day of her insured status for the purposes of disability benefits. *Moore*

2

*v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005); *see also* 42 U.S.C. § 423(a)(1)(A).  The ALJ correctly identified the plaintiff's date last insured, and found she was not disabled at any time through the date of his decision, in September 2008.  Therefore, the correctness of the date last insured was never at issue.

      The plaintiff next argues that the ALJ erred in rejecting the opinion of the treating physician.  The plaintiff makes such argument only to the opinion of Dr. Aggarwal, and not Dr. Fite's opinion that the plaintiff could return to work in May of 2006 (R. 156). As to Dr. Aggarwal, who treats the plaintiff solely for pain, the ALJ properly applied the pain standard (R. 24).  He determined that while the plaintiff met the requirement of an underlying medical condition, there was no evidence of objective medical evidence confirming the severity of the condition or that the condition is of such severity that it could reasonably be expected to cause the pain alleged.  *See e.g., Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir.2002).  When a treating physician makes merely conclusory statements, the ALJ may afford them such weight as is supported by the clinical or laboratory findings and other consistent evidence of the claimant's impairments. *D'Andrea v. Commissioner of Social Sec. Admin.,* 389 Fed.Appx. 944, 947 (11th Cir.2010), citing *Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir.1986).

      Dr. Aggarwal's opinion that the plaintiff suffers from disabling pain and side effects from medication is not supported by any objective medical records, or even the plaintiff's own testimony that she had no side effects from her medication (R. 40)*.*  Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence,

there is no reversible error. *Moore v. Barnhart,* 405 F.3d 1208, 1212-13 (11th Cir.2005). In the facts before this court, the ALJ rejected the opinion of Dr. Aggarwal because it was inconsistent with the plaintiff's own testimony (R. 25). The court finds no error in the ALJ's determination on this issue. See e.g., *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir.2004) (Good cause to reject a treating physician opinion exists when the opinion was conclusory or inconsistent with the doctor's own medical records).

The court has also considered the plaintiff's argument that the ALJ's mental residual functioning capacity findings are not based on substantial evidence. The plaintiff asserts that the ALJ erred in adopting the findings of the State Agency in its February 2007 assessment because those findings were based on the erroneous assumption that plaintiff's date last insured was December 2006. In spite of the plaintiff's arguments otherwise, nothing post-dating December 2006 demonstrates that the plaintiff is entitled to disability based on her documented mental impairments. The ALJ considered Dr. Scott Hellard's treatment records and diagnoses, and found that the findings of the State Agency were consistent with the record as a whole, including the plaintiff's own testimony concerning her activities (R. 21-24). No basis for more restrictive limitations appears in the medical records before this court, especially given Dr. Hellard's repeated findings of improvement each time the plaintiff was medically compliant (R. 230-233).

The record demonstrates that while the plaintiff has limitations, her self-described limitations are unsupported by any credible medical evidence in the record. The plaintiff has failed to establish that she has any limitation or combination of impairments which prevent her from performing all substantial gainful employment. *See Powell o/b/o Powell*

*v. Heckler*, 773 F.2d 1572, 1576 (11th Cir.1985) (stating that the plaintiff retains the ultimate burden of proof of disability).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 9th day of March, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE